**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4765**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HOMERO ARMENDARIZ-TAMEZ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, Senior District Judge. (2:11-cr-00040-H-2)

Submitted: April 15, 2013      Decided: April 30, 2013

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

James M. Ayers II, AYERS & HAIDT, P.A., New Bern, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Homero Armendariz-Tamez appeals the 156-month sentence imposed by the district court following his guilty plea, pursuant to a written plea agreement, to conspiracy to distribute and to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846 (2006), possession of a firearm by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5), 924 (2006), and illegal reentry, in violation of 8 U.S.C. § 1326(a) (2006). On appeal, Armendariz-Tamez's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court abused its discretion in applying a two-level enhancement for Armendariz-Tamez's role in the offense. Armendariz-Tamez has filed a pro se supplemental brief raising the same issue.

The Government has filed a motion to dismiss Armendariz-Tamez's appeal based on the appellate waiver provision in the plea agreement. Armendariz-Tamez's counsel opposes the Government's motion as untimely. In his pro se supplemental brief, Armendariz-Tamez argues that his appellate waiver was not valid. We grant in part the Government's motion and dismiss Armendariz-Tamez's appeal of his sentence, and we

deny in part the Government's motion and affirm Armendariz-Tamez's convictions.

We review de novo a defendant's waiver of appellate rights. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). "A defendant may waive his right to appeal if that waiver is the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005) (internal quotation marks omitted); see United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (providing standard). The district court's failure to specifically question the defendant's understanding of the waiver provision is relevant to, but not dispositive of, the question of whether the waiver was knowing and intelligent. Id. We will enforce a valid waiver so long as "the issue being appealed is within the scope of the waiver." Blick, 408 F.3d at 168.

Contrary to counsel's response in opposition, the Government timely raised the appellate waiver issue. See United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) (stating that government is free to raise appellate waiver in response to Anders brief). Additionally, our review of the record leads us to conclude that, under the totality of the circumstances, Armendariz-Tamez's waiver of appellate rights was knowing and intelligent. Thus, the waiver is valid and enforceable.

3

Turning to the scope of the waiver, we conclude that the sentencing issue raised in both the Anders brief and the pro se supplemental brief falls within the scope of the appellate waiver provision, because the 156-month downward departure sentence imposed by the district court fell below the Guidelines range established at the sentencing hearing. Therefore, we grant in part the Government's motion to dismiss and dismiss this portion of the appeal.

The waiver provision does not, however, preclude our review of Armendariz-Tamez's convictions pursuant to Anders. Armendariz-Tamez does not assert any error in the district court's acceptance of his guilty plea. We have reviewed the plea colloquy for plain error and have found none. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (providing standard); see also United States v. Olano, 507 U.S. 725, 732 (1993) (detailing plain error standard).

In accordance with Anders, we have reviewed the entire record and have found no unwaived and potentially meritorious issues for review. We therefore affirm Armendariz-Tamez's convictions. This court requires that counsel inform Armendariz-Tamez, in writing, of his right to petition the Supreme Court of the United States for further review. If Armendariz-Tamez requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may

4

move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Armendariz-Tamez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>